**JacksonLewis**

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Direct
(631) 247-0417 Fax
jacksonlewis.com

My Direct Dial is: (631) 247-4612
My Email Address is: Kathryn.Barry@jacksonlewis.com

February 8, 2022

**VIA ECF**
Hon. Gary R. Brown
United States District Judge for the
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY  11722

        Re: *Amy Greco. v. SCO Family of Services, et al.*,
           Docket No.: 21-cv-6417 (GRB) (ST)

Dear Judge Brown:

  We represent Defendants SCO Family of Services ("SCO") and Suzy Moeller ("Ms. Moeller") (collectively, "Defendants") in the above-referenced matter. Pursuant to Rule II(f) of Your Honor's Individual Practice Rules, we write to request leave to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As set forth below, Plaintiff admits that she could not do the essential functions of her position, with or without accommodation.  Such admission precludes her disability discrimination claim under the Americans with Disabilities Act, as amended ("ADA") and the New York State Human Rights Law ("NYSHRL"), as well as her retaliation claim under the Family Medical Leave Act ("FMLA").  Likewise, Plaintiff's defamation claim must be dismissed, as she has not alleged—and cannot allege—that Ms. Moeller made a non-privileged, defamatory statement.

  It is well settled that to state a claim of disability discrimination under the ADA or the NYSHRL, Plaintiff must allege that she was able to perform the essential functions of her position, with or without accommodation. *Clairborne v. Winthrop Univ. Hosp.*, 2019 U.S. Dist. LEXIS 24456, at *10 (E.D.N.Y. Feb. 13, 2019) (Brown, J.) (elements of ADA claim); *Whitfield v. Am. Storage & Transp.*, 2013 U.S. Dist. LEXIS 183894, at *18 (E.D.N.Y. Nov. 21, 2013) (Brown, J.) (recommending summary judgment on ADA claim where plaintiff conceded it was impossible to return to his previous position and thus was not disabled under the statute's definition), aff'd, 588 F. App'x 58, 59 (2d Cir. 2014); *Romanello v. Intesa Sanpaolo*, 22 N.Y.3d 881, 884 (N.Y. 2013) (NYSHRL limits definition of disability to those which, with reasonable accommodation, do not prevent the performance of essential functions).  Likewise, to state a claim for retaliation under the FMLA, Plaintiff must allege that she was qualified for her position. *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (being qualified for position a key element of FMLA retaliation claim).  In other words, Plaintiff's ability to perform the essential functions of her job is a key element of these claims—absent an allegation that she could, the claims must be dismissed.

  Here, Plaintiff admits that she was "**incapable** of doing her previous job duties"— specifically, the crisis support services she was required to provide to the developmentally disabled teenagers with whom she worked—after she injured her ankle on July 22, 2020.  (Compl. ¶¶15,

17) (emphasis added). She admits that SCO provided her with an eight (8) month leave of absence, and only terminated her employment when, at the conclusion of that leave, she "stated that **she could not return** to work due to her disability" and that her "medical status **prohibited her** from returning to the role she previously held[.]" (Compl. ¶¶17, 18, 27) (emphasis added). Plaintiff does not identify an accommodation that would have enabled her to return to work and perform the essential functions of her position, nor does she allege that Defendant denied her an accommodation—to the contrary, she admits (albeit implicitly) that no such accommodation exists. (Compl. ¶39) (alleging only that she could perform her essential functions *prior* to her injury). Stated simply: Plaintiff admits that SCO provided Plaintiff with an extended leave of absence, and only terminated her employment when she notified the Agency that—despite such leave—she could not, and would not, be able to perform the essential functions of her position. Given these admissions, Plaintiff cannot state a claim for discrimination or retaliation as a matter of law and her claims under the ADA, NYSHRL[1] and FMLA must be dismissed.[2]

Plaintiff's defamation claim is similarly meritless. Plaintiff alleges that Ms. Moeller made a statement regarding Plaintiff's motivation—that she was "sexually interested" in a student at SCO. This requires dismissal of her claim, as "Courts have uniformly found that the question of bias or motivation is quintessentially subjective and therefore may not form the basis for an action for defamation." *Rappaport v. VV Publishing Corp.*, 163 Misc.2d 1, 9 (Sup. Ct. 1994) (citing *Immuno, AG v. Moor-Jankowski*, 145 A.D.2d 114, 134 (1st Dept. 1989) ("Inquiry as to motivation is generally absolutely privileged, for motivation is ordinarily hidden from view . . .) (additional citations omitted)). Even if it was not, the purported statement is protected by the common interest privilege, and Plaintiff has not alleged actual malice. *Grier v. Johnson*, 232 A.D.2d 846, 847 (N.Y. 1996) (New York recognizes a qualified privilege "when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest.").

We appreciate the Court's consideration and remain available to attend a pre-motion conference to discuss the foregoing at the Court's convenience.

Respectfully submitted,

JACKSON LEWIS P.C.

*Kathryn J. Barry*

Kathryn J. Barry

cc: All Counsel of Record (*via* ECF).

4891-0593-7419, v. 2

---

[1] We note that Plaintiff asserts an aiding and abetting claim against SCO only. A party cannot aid and abet its own conduct. Thus, even assuming the NYSHRL claim was not subject to dismissal, this claim should be dismissed. *Hardwick v. Auriemma*, 116 A.D.3d 465 (1st Dept. 2014).

[2] Any amendment to the Complaint would be futile in light of these admissions. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.").