# LAW OFFICES OF EDMOND J. PRYOR

EDMOND J. PRYOR\*

Associate
WILLIAM G. FORERO ∆

\* Also Admitted in CT
∆ Also Admitted in NJ

*Attorneys at Law*
292 City Island Avenue
Bronx, New York 10464

718-829-0222
FAX 718-829-0032
www.PryorLaw.com

Legal Assistants
JULIA DECUFFA+
NANA-AMA ANANE+

+ Non-lawyer

February 25, 2022

**VIA ECF**
Hon. Gary R. Brown, USDJ
United States District Court, EDNY
100 Federal Plaza, Courtroom 840
Central Islip, New York 11722

      Re:    Amy Greco v. SCO Family of Services et al
                Docket No.: 21-cv-6417 (GRB) (ST)

Dear Judge Brown:

      We represent Plaintiff Amy Greco in the above-referenced matter. We write to oppose the request by Defendants SCO Family of Services ("SCO") and Suzy Moeller ("Moeller") seeking leave to move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff adequately set forth claims upon which relief can be granted under the Americans with Disabilities Act, as amended ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the Family Medical Leave Act ("FMLA") because the complaint clearly alleges that Plaintiff could perform all of the essential functions of her position at SCO, except for the crisis support component for young adults, which is physically demanding and which is routinely excused for other employees. Further, Plaintiff's defamation claims are sufficiently pleaded because defendant Moeller made a non-privileged defamatory statement about Plaintiff.

      The sole reason Plaintiff was incapable of returning to the exact role she held prior to her work related injury was because it required her to perform crisis support duties for young adults. See Complaint, para. 23. Plaintiff clearly alleges that Defendants refused to accommodate her by removing the crisis support duties from her daily responsibilities (See Id., para. 26.) which posed too great a risk of re-injury for Plaintiff to perform. This was the only duty of her position that Plaintiff could not perform. Significantly, Defendants have routinely shifted crisis support job responsibilities from pregnant and overweight employees to others.[1] Defendants cannot argue that crisis support was an essential function of Plaintiff's position because they removed this function from other, non-disabled, individuals' job duties. Defendants refused to offer this accommodation to Plaintiff, a disabled individual, and fired her instead. Plaintiff was otherwise able to perform all essential functions of her position and, therefore, her claims should not be dismissed.

---

[1] Although this fact was not included in the Complaint, Plaintiff is prepared to execute an affidavit averring that this was defendant SCO's' common practice should Defendants move to dismiss her Complaint.

2

Re:  Amy Greco v. SCO Family of Services et al

February 25, 2022

       Defendants also seek dismissal of Plaintiff's defamation claim because they claim it was speculation as to Plaintiff's motivation and protected by the common interest privilege. Plaintiff's claim is that Moeller, a SCO employee stated ". . .Plaintiff was sexually interested in [a client's] son, an individual with developmental disabilities, and to be wary of Plaintiff." See Complaint, para. 88. In support of their contention, Defendants cite to *Rappaport v. VV Publishing Corp.*, 163 Misc. 2d 1, 9 (Sup. Ct. 1994). This case has no bearing on the issues presented in the case now before this court. In *Rappaport*, journalists speculated as to a judge's biases. See Id. Here, a former co-worker with personal knowledge of Plaintiff's relationship with the client's son, made a seemingly factual statement regarding the alleged relationship. This was clearly to undermine Plaintiff's ability to perform services in her personal capacity for the client's son.

       Defendants also rely on *Grier v. Johnson*, 232 AD2d 846, 847(3d Dep't 1996) in arguing that Moeller made a ". . . good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest." In *Grier*, the defendant was a police officer who confiscated a warm pipe from plaintiff and disclosed to plaintiff's university that defendant believed plaintiff to be a habitual "marihuana" smoker who intended to smoke "marihuana." See Id. at 847. In *Grier*, the defendant was acting in the course of his employment as a police officer and produced proof that it is standard police procedure to share this type of information. See Id. at 847-848. However, in the case before this Court, even if Moeller's statement was protected by a qualified privilege, Plaintiff can demonstrate that the statement was made with malice. Moeller stated that Plaintiff had sexual desires for a developmentally disabled individual in Plaintiff's care. This statement was so patently malicious and inflammatory that there could be no other interpretation of its purpose and intent. This matter should proceed to discovery, wherein Moeller will be required to testify under oath as to what her intent was.

       Plaintiff properly alleged claims for defamation and defamation per se because she alleged each required element, that is: (1) a false statement; (2) published without privilege or authorization to a third party; (3) constituting fault as judged by, at a minimum, a negligence standard; and (4) it must either cause special harm or constitute defamation *per se*. See Arvanitakis v. Lester, 145 AD3d 650, 651 (2d Dep't 2016). Moeller's statement constituted defamation *per se* because it damaged Plaintiff in her professional capacity.

       Therefore, this Court should deny Defendants' request for leave to move to dismiss Plaintiff's Complaint and require Defendants to interpose an answer and proceed to discovery.

Respectfully,

*Edmond J. Pryor*

Edmond J. Pryor

Cc:  Counsel for Defendants via ECF