**JacksonLewis**

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville, NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

M\ DIRECT DIAL IS: (631) 247-4612
My Email Address is: Kathryn.Barry@jacksonlewis.com

June 3, 2022

**VIA ECF**
Hon. Gary R. Brown
United States District Judge for the
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY  11722

          Re:   *Amy Greco. v. SCO Family of Services, et al.*,
                Docket No.: 21-cv-6417 (GRB) (ST)

Dear Judge Brown:

      We represent Defendants SCO Family of Services and Suzy Moeller (collectively, "Defendants") in the above-referenced matter. Pursuant to Rule II(f) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

### I. PLAINTIFF REASSERTED DEFAMATION CLAIMS OVER WHICH THIS COURT ALREADY DECLINED TO EXERCISE PENDENT JURISDICTION

      At the parties' May 3, 2022 conference before this Court, Your Honor stated that he would not assert pendent jurisdiction over Plaintiff's defamation claims, and would instead dismiss those claims without prejudice.  Despite this, Plaintiff's Amended Complaint reasserts those same claims, based on the same alleged facts.  Dkt. 19, ¶¶78-90.[1]  We request again that the Sixth and Seventh causes of action be dismissed as previously ordered by the Court.  To the extent not dismissed for lack of jurisdiction, we respectfully request leave to move to dismiss these causes of action for failure to state a claim, for the reasons set forth in our February 8, 2022, correspondence. Dkt. 16.

### II. THE AMENDED COMPLAINT DOES NOT SUFFICIENTLY ALLEGE THAT CRISIS SUPPORT DUTIES WERE NOT AN ESSENTIAL FUNCTION OF *PLAINTIFF'S* POSITION

      Defendants previously sought leave to move to dismiss Plaintiff's claims for failure to accommodate and disability discrimination under the Americans with Disabilities Act, as amended ("ADA") and the New York State Human Rights Law ("NYSHRL"), as well as her retaliation claim under the Family Medical Leave Act ("FMLA"), as Plaintiff admitted in her Complaint that she was fired only after admitting that she could not perform crisis support duties, an essential function of her role.  In Plaintiff's February 25, 2022 response to Defendants' request, and at the parties May 3, 2022 conference, Plaintiff averred that it was a "common practice" to remove crisis

---

[1] On May 20, 2022, Defendants' counsel wrote to Plaintiff's counsel to inquire the reasons why the defamation claim was reasserted despite the Court's decision. Defendants' counsel did not receive a response.

JacksonLewis

Hon. Gary R. Brown
USDC/EDNY
June 3, 2022
Page 2

support duties from "other employees" at SCO Family of Services. As she had not pleaded this in her Complaint, Defendants agreed to consider whether an amended complaint could sufficiently allege that crisis support duties were not an essential function of her role.

It does not. Plaintiff asserts a single, conclusory allegation that SCO Family of Services removed crisis support duties from "multiple other employees' … when [they] were overweight or pregnant." Dkt. 19, ¶24. She does not identify who these employees were; what positions they held; when their crisis support duties purportedly were removed; or whether their crisis support duties were removed on a permanent or temporary basis.[2] The allegation that SCO Family of Services removed crisis support duties from other employees is relevant only if those employees were in positions similar or equivalent to Plaintiff's position, and only if these duties were permanently removed. A generic allegation that there were "other employees" for which this responsibility was removed for an indeterminate period of time is insufficient to demonstrate that crisis support duties were not an essential function of *Plaintiff*'s role. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 678-679 (2009).

Moreover, as it relates to her remaining claims for discrimination and retaliation, "[c]ourts within the Second Circuit have regularly granted motions to dismiss disparate treatment claims where the complaint was entirely devoid of any details regarding the purported comparators, e.g., who they are, what their positions or responsibilities were at the company, how their conduct compared to plaintiff's or how they were treated differently by defendants." *Orellana v. Farmingdale Sch. Dist.*, No. 20-cv-06050 (JMA) (ST), 2022 U.S. Dist. LEXIS 39978, at *15-16 (E.D.N.Y. Mar. 4, 2022) (recommending dismissal of disability discrimination claim where the plaintiff failed to offer any facts regarding the alleged comparators), report and recommendation adopted by 2022 U.S. Dist. LEXIS 60377 (E.D.N.Y. Mar. 30, 2022). In the absence of nonconclusory facts regarding the purported comparators or otherwise supporting that her claim SCO Family of Services acted with discriminatory or retaliatory animus, these claims must be dismissed.[3]

We appreciate the Court's consideration and remain available to attend a pre-motion conference to discuss the foregoing at the Court's convenience.

Respectfully submitted,

JACKSON LEWIS P.C.

*Kathryn J. Barry*

Kathryn J. Barry

cc:     All Counsel of Record (*via* ECF)

4892-2786-7939, v. 1

---

[2] Presumably, for pregnant employees, the accommodation was temporary.
[3] We note, again, that Plaintiff asserts an aiding and abetting claim against SCO Family of Services only. A party cannot aid and abet its own conduct. *Hardwick v. Auriemma*, 116 A.D.3d 465 (1st Dept. 2014).